**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mark Murillo, et al., | NO. C 09-00504 JW |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION TO EXPUNGE** |
| v. | |
| Aurora Loan Services, LLC, et al., | |
| Defendants. | |

Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint; Motion to Strike; Motion for a More Definite Statement and Motion to Expunge.[1] The Court finds it appropriate to take the motion under submission without oral argument. See Civ. L.R. 7-1(b).

On January 13, 2009, Plaintiffs filed this suit in Santa Clara County Superior Court. (See Docket Item No. 1.) On February 3, 2009, Defendants removed the action to federal court under 28 U.S.C. § 1446(b). (See id.) On March 3, 2009, Defendants filed a motion to dismiss. (See Docket Item No. 8.) On April 23, 2009, the Court granted Plaintiffs leave to amend their Complaint, rendering Defendants' first Motion moot. (See Docket Item No. 16.) Plaintiffs' Second Amended Complaint was filed May 15, 2009 against Aurora Loan Services, LLC ("Aurora"), Lehman

---

[1] (hereafter, "Motion," Docket Item No. 23.) This Motion is brought by Defendants Aurora, Lehman, and MERS.

1  Brothers Bank, FSB ("Lehman"),[2] Mortgage Electronic Registration Systems, Inc. ("MERS"), and

2  Cal-Western Reconveyance Corporation ("Cal-Western") (collectively, "Defendants"), alleging,

3  *inter alia*, fraud and unfair competition pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*[3]

4  Defendants move to dismiss and to strike under Fed. R. Civ. P. 12(b)(6), 12(e) and 12(f), and

5  a to Expunge the *lis pendens* recorded by Plaintiffs. The Court considers the Motions in turn.

**A.   Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts may

---

[2] Defendant Lehman is a Federal Savings Bank, chartered under 15 U.S.C. § 1464, whose primary regulator is the Office of Thrift Supervision of the Treasury Department ("OTS"). (Request for Judicial Notice, Ex. K, hereafter "RJN," Docket Item No. 23.) Defendant Aurora is a fully owned subsidiary of Lehman, whose primary regulator is the OTS.

[3] (Second Amended Complaint for Violation of Business and Professions Code Section 17200, Violation of Civil Code Section 2923.5, Fraud, Breach of Implied Covenant of Good Faith and Fair Dealing, Conversion , Quiet Title, Fraud in the Inducement, Unfair Business Practices, Breach of Fiduciary Duty, Defamation, Wrongful Foreclosure, Civil Conspiracy, Aiding and Abetting, Unlawful Joint Venture, Injunctive Relief, Rescission of Loan Contracts [and] Other Equitable Relief ¶ 1, hereafter, "SAC," Docket Item No. 18.)

1 dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment.

2 Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

### 1. Dismissal as to Defendant MERS

Defendants move to dismiss MERS on the ground that there are no factual allegations concerning MERS. (Motion at 4.)

Here, Plaintiffs' Complaint does not allege any facts as to MERS's conduct. MERS is listed in the Second Amended Complaint as a Defendant and never mentioned again. (SAC ¶¶ 1, 3.) Plaintiffs do not allege any conduct on the part of MERS, other than a conclusory allegation that all Defendants are part of a conspiracy. Thus, the Court finds that Plaintiffs have failed to state a claim against Defendant MERS.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss all causes of action against Defendant MERS with leave to amend.

### 2. HOLA Preemption

Defendants move to dismiss Plaintiffs' UCL claim and common law unfair business practices claim on the ground that it is preempted under the Home Owners' Act of 1933 ("HOLA"). (Motion at 6.) The Court also, *sua sponte*, considers whether Plaintiffs' claim under Cal. Civ. Code § 2923.5 is also preempted.

Pursuant to the Supremacy Clause of Article VI, clause 2, of the United States Constitution, federal law preempts state law "when federal regulation in a particular field is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." Bank of America v. City and County of San Francisco, 309 F.3d 551, 558 (9th Cir. 2002). In the field of banking, Congress has created "an extensive federal statutory and regulatory scheme." Id. As part of this extensive federal scheme, Congress enacted HOLA during the Great Depression, a time when a record number of home loans were in default and state-chartered savings associations were insolvent. Silvas v. E*Trade Mortgage Co., 514 F.3d 1001, 1004 (9th Cir. 2008). The purpose of HOLA was to charter savings associations under federal law as a means of restoring public confidence through a nationwide system of savings and loan associations that are centrally regulated

3

according to nationwide "best practices." Id. (citing Fidelity Fed. Saving and Loan Ass'n v. de la Cuesta, 458 U.S. 141, 160-61 (1982)).

The Ninth Circuit describes "HOLA and its following agency regulations as a radical and comprehensive response to the inadequacies of the existing state system, and so pervasive as to leave no room for state regulatory control." Silvas, 514 F.3d at 1004 (internal quotations omitted). Through HOLA, Congress gave the OTS broad authority to issue regulations governing federal savings associations.[4] 12 U.S.C. § 1464; Silvas, 514 F.3d at 1005.

Under 12 C.F.R. § 560.2(b), the OTS has listed numerous types of state laws that are preempted, including

> state laws purporting to impose requirements regarding . . . [d]isclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants.

The Ninth Circuit also explains that a state law of general applicability can be preempted by HOLA if, as applied, it falls under § 560.2(b). See Silvas, 514 F.3d at 1006; Munoz v. Fin. Freedom Senior Funding Corp., 567 F. Supp. 2d 1156, 1160 (C.D. Cal. 2008). However, under 12 C.F.R. § 560.2(c), "state laws of general applicability only incidentally affecting federal savings associations are not preempted." Silvas, 514 F.3d at 1006.

The Ninth Circuit has adopted the OTS's general framework for analyzing whether HOLA preempts a state law:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b) [of 12 C.F.R. § 560.2]. If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

Silvas, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sep. 30, 1996)).

---

[4] Federal regulations have no less preemptive effect than federal statutes. Fidelity Fed. Sav. and Loan Assoc. v. de la Cuesta, 458 U.S. 141, 153 (1982).

4

### a.    Plaintiffs' UCL Claim

Defendants contend that Plaintiffs' First Cause of Action under the UCL is preempted because it is based on Aurora's participation in mortgage lending and servicing. (Motion at 6.)

Regulation 12 C.F.R. § 560.2(b)(4) expressly preempts state laws imposing requirements on "[t]he terms of credit, including the amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or . . . the circumstances under which a loan may be called due and payable." Regulation 12 C.F.R. § 560.2(b)(9) expressly preempts state laws imposing requirements on federal savings associations regarding "disclosure . . . including laws requiring specific statements, information, or other content . . . ." If a plaintiff's unfair competition claim is based on misrepresentations related to loan terms or credit solicitation in disclosures, or on the terms and conditions of a loan, then the claim is preempted by HOLA. Silvas, 514 F.3d at 1006.

Here, Plaintiffs allege that Defendants have violated § 17200 by "[m]aking untrue or misleading statements and by causing . . . untrue or misleading statements to be made by Plaintiffs' mortgage broker." (SAC ¶ 48.) These allegations go to the heart of 12 C.F.R. § 560.2(b)(9) by alleging improper disclosures about Plaintiffs' loan. Further, Plaintiffs allege that the misrepresentations were "regarding the terms and payment obligations." (SAC ¶ 48(c).) As applied, such a claim under the UCL is expressly preempted by HOLA. See Munoz, 567 F. Supp. 2d at 1160. Thus, Plaintiffs' UCL claims are preempted by HOLA.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' First Cause of Action with prejudice as to Defendants Aurora and Lehman.

### b.    Plaintiffs' Common Law Unfair Business Practices Claim

Defendants contend that Plaintiffs' Eighth Cause of Action is also preempted. (Motion at 6.)

Plaintiffs allege, in relevant part, as follows:

> [Defendants conspired to] create an illegal and unnecessarily risky business model[] and change underwriting standards . . . to create unfair business practices through which Defendants . . . could wrongfully profit. These actions included artificially raising the value

5

of the home to allow for a larger loan and to maximize the Defendants' profits. Further, Defendants' conspiracy to make false promises and statements were designed to unfairly prejudice Plaintiffs Murillo and profit from Plaintiffs' loss.

(SAC ¶ 85.) These allegations show that Plaintiffs' unfair business practices claim is based on the same conduct as their UCL claim. Thus, for the reasons discussed above, the Court finds that these claims are also preempted by HOLA.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Eighth Cause of Action with prejudice as to Defendants Aurora and Lehman.

### c.     Plaintiffs' § 2923.5 Claim

Under 12 C.F.R. § 560.2(b)(10), HOLA preempts state law that deals with the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." Cal. Civ. Code § 2923.5(2)(b) provides that a declaration shall be included in a notice of default stating that "the mortgagee, beneficiary, or authorized agent . . . has contacted the borrower . . . or tried with due diligence to contact the borrower." The purpose of the notice of default is to advise the trustor of the amount required to cure the default and avoid foreclosure. Knapp v. Doherty, 123 Cal. App. 4th 76, 99 (2004).

Here, Plaintiffs allege that Defendants failed to properly file a declaration with their notice of default. (SAC ¶ 51.) As applied, Plaintiffs' § 2923.5 claim concerns the processing and servicing of Plaintiffs' mortgage. As such, the Court finds that Plaintiffs' 2923.5 claim is preempted under HOLA.

Accordingly, Plaintiffs' Second Cause of Action for violation of Cal. Civ. Code § 2923.5 is dismissed with prejudice as to Defendants Aurora and Lehman.

6

### 3.     California Civil Code Section 2923.5

Defendants move to dismiss Plaintiffs' Second Cause of Action for violation of California Civil Code Section 2923.5(b) on the ground that the recorded Notice of Default complies with California law.[5] (Motion at 11.)

Section 2923.5(b) provides:

> A notice of default filed pursuant to [California Civil Code] Section 2924 shall include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the borrower, tried with due diligence to contact the borrower as required by this section, or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent.

Here, Plaintiff alleges, in relevant part, as follows:

> Defendants failed to make contact with Plaintiffs by personal contact, by phone and failed to perform the due diligence required by the statute.
>
> Defendants further failed to make a proper declaration required under Section 2923.5.

(SAC ¶¶ 51-53.) The Notice of Default, submitted by Defendants, contains the following statement in the last paragraph:

> The mortgagee, beneficiary, or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code Section 2923.5(b) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code 2923.5.

(RJN, Ex. F at 2.) Although this statement represents that Defendants exercised due diligence in attempting to contact Plaintiffs, the Court finds that there is a question as to whether this statement is a declaration as required under § 2923.5(b). See Cal. Code Civ. Proc. § 2015.5; Kulshrestha v. First Union Commercial Corp., 33 Cal. 4th 601, 606 (2004).

Accordingly, the Court DENIES Defendants' Motion to Dismiss Plaintiffs' Second Cause of Action for violation of California Civil Code Section § 2923.5 as to Defendant Cal-Western.

---

[5] As discussed above, Plaintiffs' § 2923.5 claim is preempted as to all Defendants except Cal-Western.

### 4. Remaining State Law Claims

Defendants move to dismiss Plaintiffs' remaining state law claims on various grounds. Plaintiffs' counsel has recently had several similar foreclosure cases before this Court. The Court's orders in those cases may be instructive to Plaintiffs in developing their pleading in this case. See Mendoza v. OM Financial Life Ins. Co., No. C 09-01211, 2009 WL 1813964 (N.D. Cal. Jun. 25, 2009); Montoya v. Countrywide Bank, F.S.B., No. C09-00641, 2009 WL 1813973 (N.D. Cal. Jun. 25, 2009). For the same reasons discussed in the Court's ruling in Montoya, Plaintiffs' remaining claims are dismissed with leave to amend as to certain claims. However, the Court directs Plaintiffs to follow the Court's instructions in Mendoza and Montoya. Failure to do so may result in sanctions pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### B. Motion to Expunge

Defendants move to expunge the Notice of Pendency of Action dated January 21, 2009 and recorded by Plaintiffs with the Santa Clara County Recorder on the ground that Plaintiffs improperly served Defendant Aurora's agent for service of process instead of mailing a registered or certified mail copy to Defendant Aurora. (Motion at 21; RJN ¶ 11.) Defendants also request $975.00 in attorney fees and costs in connection with the application for expungement of the notice. (Motion at 22.)

Cal. Code Civ. Proc. § 405.32 provides that "the court shall order that the notice [of pendency of action] be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Under § 405.22 a plaintiff seeking to file a notice of pendency of action "shall, prior to recordation of the notice, cause a copy of the notice to be mailed, by registered or certified mail, return receipt requested, to all known addresses of the parties to whom the real property claim is adverse . . . ." Cal. Code Civ. Proc. § 405.38 provides that a "court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust."

8

Here, Plaintiffs concede that they did not properly mail a copy of the notice to Defendant Aurora. Thus, the Court finds expungement of the notice is appropriate. However, under the circumstances of this case, where Plaintiffs' error is minor and they are unable to pay their mortgage, an award of fees and costs would be unjust.

Accordingly, the Court GRANTS Defendants' Motion to Expunge. However, the Court DENIES Defendants' request for fees and costs..

**C.    Conclusion**

The Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss as follows:

(1) All Plaintiffs' claims against Defendant MERS are dismissed with leave to amend;

(2) Plaintiffs' First, Second, and Eighth Causes of Action are dismissed with prejudice as to Defendants Aurora and Lehman;

(3) Plaintiffs' First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh and Sixteenth Causes of Action are otherwise dismissed with leave to amend;

(4) Plaintiffs' Tenth, Twelfth, Thirteenth, Fourteenth, and Fifteenth Causes of Action are dismissed with prejudice;

(5) The Court DENIES Defendants' Motion to Dismiss Plaintiffs' Second Cause of Action as to Defendant Cal-Western;

(6) The Court DENIES Defendants' Motion to Strike and Motion for a More Definite Statement as moot.

Any amended Complaint shall be filed on or before **July 31, 2009** and shall be consistent with the terms of this Order.

Dated: July 17, 2009

JAMES WARE
United States District Judge

9

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Lawrence Pedro Ramirez lpramirez@thellg.com
   Rachel M. Dollar rdollar@smithdollar.com
3  Sherrill Ann Oates soates@smithdollar.com

5  **Dated: July 17, 2009**                               **Richard W. Wieking, Clerk**

7                                                         **By:     /s/ JW Chambers**
                                                                **Elizabeth Garcia**
8                                                               **Courtroom Deputy**